**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**EVELYN SMITH,**                                                                          **PETITIONER**

**V.**                                                                    **NO. 1:06CR0074-WAP**

**UNITED STATES OF AMERICA,**                                   **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The Government has responded and this matter is now ripe for review.

*A. Factual and Procedural Background*

On April 25, 2006, Evelyn Smith was named, along with six of her sisters, in a 265 count indictment for various fraudulent activities occurring over a period of approximately three years.[1] On May 26, 2006, Attorney Tom Levidiotis was appointed to represent Smith. On July 6, 2006, with the assistance counsel, Smith entered into a written plea agreement. On July 14, 2006, Smith pled guilty to count 219 of the indictment which charged that "defendants, aided and abetted by each other, did make, utter and publish counterfeit securities, that is bank checks, with the intent to deceive retail store clerks and Certegy, Incorporated, in violation of Title 18, United States code, Sections 513(a)." After most of her objections to the presentence report were overruled, Smith was sentenced to 57 months imprisonment and ordered to pay restitution in the amount of $346,946.00. The remaining counts of the indictment were dismissed upon the Government's motion. Smith timely pursued an appeal. On June 6, 2007, the Court of Appeals affirmed Smith's sentence and

---

[1] A superseding indictment was entered on May 24, 2006, for essentially the same charges.

conviction.

On November 13, 2007, Smith filed her § 2255 motion asserting six grounds for relief. Smith's claims are as follows:

| | |
|---|---|
| Ground One | that the court impermissibly enhanced the sentence by using facts not admitted to by Smith; |
| Ground Two | that the court erred by ordering restitution greater than the amount charged in the count of conviction; |
| Ground Three | that Smith was denied the attorney of her choice; |
| Ground Four | the indictment was ambiguous and failed to include an amount of restitution; |
| Ground Five | ineffective assistance of counsel based on attorney's failure to argue Smith's objections to the presentence report; and |
| Ground Six | that Smith misunderstood the charges against her which rendered the plea invalid. |

*B. Standard for Review*

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *U.S. v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *U.S. v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *U.S. v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose

the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *U.S. v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *U.S. v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

Ground One: Barred from Consideration

In Ground One, Smith alleges that the court impermissibly enhanced her sentence by using facts to which she did not admit. Smith unsuccessfully appealed her sentence and conviction setting forth a similar argument. *See U.S. v. Smith*, 230 Fed. Appx. 440, 2007 WL 1655257 (5th Cir. Jun. 6, 2007). The appellate court held, "Smith has not shown that the enhancements applied by the district court were clearly erroneous." *Id.* at *1. Since the claim she now asserts has been considered and rejected in a direct appeal, the matter cannot be revisited collaterally in a 2255 proceeding. *Webster*, 392 F.3d at 791. Therefore, the court is barred from reviewing Smith's Ground One.

Grounds Four and Six: Barred by Unconditional Guilty Plea

It has long been recognized that by entering a guilty plea, a defendant waives all non-

jurisdictional defects in the criminal proceedings. *U.S. v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008). A defendant wishing to preserve a claim for appellate review while still pleading guilty can do so by entering a "conditional plea" pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. *U.S. v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Failure to preserve an issue for appeal in the written plea agreement generally forecloses appellate review of that claim. *Sealed Appellant*, 526 F.3d at 242.

In the case *sub judice*, Smith entered an unconditional guilty plea. In other words, her written plea agreement did not preserve any pre-trial issues resolved adversely to her for appeal.[2] Moreover, there is no indication from the proceedings in open court that Smith intended to preserve any particular issue or issues for appellate review. *Cf. U.S. v. Fernandez*, 887 F.2d 564, 566 n.1 (5th Cir. 1989) (sworn statements in open court can overcome the requirement that the conditional plea be in writing).

Furthermore, when a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. Smith has made no showing of cause and prejudice. Accordingly, Smith's Grounds Four and Six are barred from consideration by both the entry of an unconditional guilty plea and the procedural default doctrine.

Ground Two: Restitution

Smith contends that her sentence should be vacated or modified because the court ordered

---

[2] Smith's attorney did file several objections to the PSR arguing, *inter alia*, that her guideline range had been calculated based upon facts not admitted to by Smith. The argument was reasserted on direct appeal and denied. Smith realleged this argument as Ground One *supra*.

4

an amount of restitution greater than that charged in the count of conviction. The Government suggests that the court may not review this claim since it was presented rejected in the direct appeal. Erring on the side of caution, the court will address the claim.

The Mandatory Victims Restitution Act ("MVRA") requires that defendants make restitution to the victim or victims of certain crimes such as offenses "committed by fraud or deceit." *See* 18 U.S.C. § 3663A(c)(1)(A)(ii); *U.S. v. Stouffer*, 986 F.2d 916, 928 (5th Cir. 1993). Generally, a district court can award restitution to victims of the offense, but the restitution award can encompass only those losses that resulted directly from the offense for which the defendant was convicted. *See Hughey v. U.S.*, 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). "Where a fraudulent scheme is an element of the conviction, the court may award restitution for actions pursuant to that scheme." *U.S. v. Cothran*, 302 F.3d 279, 289 (5th Cir. 2002). On the other hand, "when the count of conviction does not require proof of a scheme, conspiracy, or pattern . . . the defendant is only responsible to pay restitution for the conduct underlying the offense for which he has been convicted." *U.S. v. Maturin*, 488 F.3d 657, 660-64 (5th Cir. 2007).

The Victim and Witness Protection Act ("VWPA"), however, provides an exception to these general rules." The VWPA arms the court with discretion to order restitution "for cases in which the defendant has agreed to a particular award of restitution." 18 U.S.C. § 3663(a)(3). Pursuant to the VWPA the court may "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." *Id.*

To recap, Smith plead guilty to count 219 of the indictment which involved a fraudulent check in the amount of $286.26 passed to McRaes Department Store in violation of 18 U.S.C. §

513(a).³ Based on the 265 count indictment, the presentence report attributed $346,946.00 in losses–a much larger amount of money– to the fraudulent scheme carried out by Smith and her codefendants. Thus, the order of restitution is only proper if the count of conviction included as an element of the offense a "scheme, conspiracy, or pattern of criminal activity," 18 U.S.C. § 3663A, or the plea agreement contemplated the amount of restitution ordered, 18 U.S.C. §3663(a)(3).

Smith pled guilty, making, uttering or possessing a forged or counterfeit security. 18 U.S.C. § 513(a). Such an offense is covered by the plain language of the MPVA which includes any crime involving "fraud or deceit." *See* 18 U.S.C. § 3663A(c)(1)(A)(ii). Therefore, the court was required to impose restitution. But, under the MPVA the amount of restitution can only encompass additional losses if the count of conviction required "proof of a scheme, conspiracy, or pattern of criminal activity as an element." 18 U.S.C. § 3663A(a)(2). It is clear that the statute under which Smith was convicted does not include a "scheme, conspiracy or pattern of criminal activity" as an essential element. As a result, to be proper the restitution order must rest on other authority.

The Fifth Circuit has held that an order of restitution under the VWPA for losses in excess of those caused by the count of conviction can be supported by a valid agreement. *U.S. v. Maturin*, 488 F.3d 657, 662 (5th Cir. 2007) (but finding there was no agreement). *U.S. v. Cothran*, 302 F.3d 279, 288-90 (5th Cir. 2002) (holding that the court may order to restitution outside the count of conviction). Indeed, several courts have similarly held that restitution may include an amount greater than that associated with count of conviction. *See U.S. v. Blake*, 81 F.3d 498 (4th Cir. 1996);

---

³ The statute provides that "Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with the intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both." 18 U.S.C. § 513(a).

6

*U.S. v. Keith*, 73 Fed. Appx. 35, 37, 2003 WL 21892519 at *1 (5th Cir. Aug. 8, 2003) (defendant can be held accountable for entire conspiracy despite plea to only a single instance of fraud); *U.S. v. Schrimsher*, 58 F.3d 608 (11th Cir. 1995) (court could order restitution based on dismissed counts of the indictment where plea agreement was silent but plea colloquy included statement that restitution would apply); *but see U.S. v. Broughton-Jones*, 71 F.3d 1143 (4th Cir. 1995) (plea agreement did not authorize court to impose restitution in an amount greater than offense of conviction, where agreement never mentioned restitution, and restitution was not addressed during plea colloquy).

Here, the plea agreement provided that "the defendant understands and *agrees* that the Court may order full restitution of the loss resulting from the offenses covered by the indictment." Plea Agree. ¶6 (Jul. 6, 2006) (emphasis added). Though the subject of restitution was discussed at length at the plea hearing, it is clear that there was a valid agreement as to the possibility and potential amount of restitution for which Smith may be held accountable. Plea Hrg. pp. 11-21 (Jul. 14, 2006). The VWPA permits a court to order restitution in any criminal case to the extent agreed to by the parties in a plea agreement, and such agreements may authorize restitution in an amount greater than the loss attributable to the offense of conviction. *U.S. v. Arnold*, 947 F.2d 1236 (5th Cir. 1991) (restitution was proper for full amount of loss attributable to fraudulent scheme alleged rather than that represented in count of conviction where defendant agreed to pay "restitution as set out and ordered by the Court."). Therefore, the court holds that Smith did in fact agree that she may be required to make restitution for the full amount of the losses covered in the indictment– up to and including $356,000 in restitution. Plea Agree.¶6; Plea Hrg. pp. 18:2-13, 21:2-7. Accordingly, the amount of restitution ordered was proper and does not provide a basis for habeas relief.

Grounds Three and Five: Ineffective Assistance of Counsel

Grounds Three and Five are based upon the effectiveness of Smith's attorney. When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

In Ground Three, Smith asserts that her sentence should be vacated because she was denied an attorney of her choice. It is a fundamental principle of the legal system, that defendants possess a right to counsel under the Sixth Amendment. U.S. Const. amend. VI. A defendant who is financially able to retain counsel can generally freely select an attorney. *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). An indigent defendant, however, does not have a right to any particular attorney. *Caplin & Drysdale, Chartered v. U.S.*, 491 U.S. 617, 109 S.Ct. 2667, 105 L.Ed.2d 528 (1989). Rather, the Sixth Amendment requires that an indigent defendant be appointed competent and effective counsel. *Id.* The Fifth Circuit has repeatedly followed this rule. *See U.S. v. Breeland*, 53 F.3d 100, 106 n.11 (5th Cir. 1995) (citing cases with

similar holding). Thus, no further discussion is necessary. Ground Three is meritless.[4]

In Ground Five, Smith asserts that her counsel was ineffective because he failed to present her arguments to the presentence report. Smith never identifies what she proposed to argue. Similarly, her memorandum also never clearly articulates any specific objection. Instead, the brief contains citations to and summaries of case-law defining the contours 18 U.S.C. § 513(a)–the statute under which Smith was convicted. By implication, Smith seems to suggest that her crime was not federal in nature because the fraudulent transaction does not concern an "organization" as required under Section 513(a). *E.g. U.S. v. Barone*, 71 F.3d 1442 (9th Cir. 1995) ("nonexistent shell companies on whose accounts checks were drawn in course of scheme to utter forged securities were not 'organizations' whose activities affected interstate commerce."). Presumably, then her attorney was ineffective because he failed to present this argument to the court.

First, the case in which Smith finds support for her claim has been expressly disagreed with by the Fifth Circuit in *U.S. v. Reasor*, 418 F.3d 466, 469 n.4 (5th Cir. 2005). Among other things, the *Reasor* court held that guilty plea was invalid because the factual basis failed to provide any evidence that the forged check drawn against a church's account had any impact on interstate commerce. Smith also cites *Reasor* as being favorable to her position. *Reasor*, however, is distinguishable. The holding in *Reasor* was based upon the court's finding that a church is not an "organization" within the meaning of Section § 513 because the church did not have "operations in or activities affecting interstate commerce." *Id.* at 473. Further, the *Reasor* court found that the

---

[4] Smith contends that she had asked for another attorney but the court never addressed her request. The docket reveals that her assertion is incorrect. Her letter was filed by the court on July 7, 2006. An order was issued on July 17, 2006 denying her request for appointment of a different attorney.

indictment was drawn very narrowly allowing the government to prove its case based on one factual pattern as opposed to choosing from several alternatives. *Id.* at 477.

Here, the indictment specifically identified several banks as well as the ultimate "victim" of the scheme, Certergy Incorporated, that were defrauded by Smith and her codefendants. The count to which Smith plead guilty specifically identifies Certergy and First State Bank. The factual basis provided at the plea hearing also identified First State Bank. Plea Hrg. p. 26:12-25. Either or both of these entities are clearly "organizations" for the purposes of Section 513. *See U.S. v. Hanson*, 132 Fed. Appx. 981, 2005 WL 1332607 (3d Cir. Jun. 7, 2005) (checks drawn on fictitious personal accounts of a legitimate bank were instruments of an "organization."); *U.S. v. Jackson*, 155 F.3d 942, 946 (8th Cir. 1998) (banks holding the accounts from which defendant drew counterfeit checks were "organizations" for purposes of Section 513) (citing *U.S. v. Chappell*, 6 F.3d 1095 (5th Cir. 1993)). Accordingly, Smith's argument has no merit. An attorney cannot be deemed ineffective for failing to present a legally meritless or futile argument. *U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Additionally, the court notes that Smith was given ample opportunity to object to her attorney's performance prior to sentencing. For instance, the court specifically asked Smith "are you satisfied with your attorney's representation of you; that it, do you believe that he has competently represented your best interest in the matter?" Plea Hrg. p. 4:4-7. Smith responded affirmatively. *Id*. Smith was also given the opportunity to address the court during sentencing but mentioned nothing of attorney's performance. Sent. Hrg. pp. 2:18-25 to 3:1-2 (Sept. 19, 2006).

Formal declarations in open court are entitled to a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Smith's sworn

statements in open court contradict her "last gasp" claim of ineffective assistance.

## *C. Conclusion*

For all the foregoing reasons, Smith's motion to vacate will be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 10th day of October, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE